Filed 4/28/26  P. v. Delariva CA4/1
# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>HUGOLIO ALBERTO DELARIVA,<br><br>    Defendant and Appellant. | D086628<br><br><br><br>(Super. Ct. No. SWF005363) |

APPEAL from an order of the Superior Court of Riverside County, Joshlyn Pulliam, Judge.  Affirmed.

Hugolio Alberto Delariva, in pro. per.; and Christine M. Aros, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2008, a jury convicted Hugolio Alberto Delariva of first degree murder with a special circumstance of lying in wait found true.  Delariva was sentenced to prison for life without the possibility of parole.

In 2022, Delariva filed a "motion" for a proceeding under *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*) and *In re Cook* (2019) 7 Cal.5th 439. The purpose of that hearing would be to permit Delariva to develop a record for use in future parole hearings.

The trial court scheduled a hearing on the motion for April 25, 2025.

When the matter was called for hearing, defense counsel advised the court that Delariva was over 18 years of age when the murder was committed, had received a life without parole sentence, and was ineligible for youthful offender treatment in this case. Accordingly, counsel advised the court the matter should be taken off calendar. Based on counsel's argument that Delariva was ineligible for relief under *Franklin*, the court took the motion off calendar.

Delariva filed a timely notice of appeal and obtained a certificate of probable cause.

Appellate counsel has filed a brief under the authority of *People v. Delgadillo* (2022) 14 Cal.5th 216 indicating counsel has not been able to identify any potentially meritorious issues for reversal on appeal. We advised Delariva of his right to file his own brief on appeal. Delariva has responded by filing a supplemental brief.

Delariva contends his trial counsel was ineffective for taking his motion off calendar and for failing to argue that proper statutory interpretation and principles of equal protection should hold that Delariva is entitled to be treated as a youthful offender. Thus, he should be entitled to a hearing under *Franklin*.

Appellate counsel has asked the court to exercise our discretion to review the record for error as we would do in cases controlled by *People v.*

2

*Wende* (1979) 25 Cal.3d 436. Counsel has identified a possible issue which was considered in evaluating the merits of this appeal. The issue is whether the trial court erred in finding Delariva ineligible for relief under *Franklin* and taking the case off calendar.

## DISCUSSION

At the outset, we acknowledge the issue of whether proper statutory interpretation and principles of equal protection would render Delariva eligible for youthful offender treatment is interesting and may, at some point, lead to change in the law. We, however, do not think this case is the vehicle by which such analysis can be accomplished.

The court placed Delariva's motion on calendar and was prepared to hear the motion. However, it was defense counsel's request to take the matter off calendar and counsel's argument that Delariva was ineligible for relief that resulted in the motion being dismissed. Moreover, there is nothing in this record to explain why counsel took the position that Delariva was ineligible for relief. Any effort to analyze the merits of defense counsel's current argument would be speculation.

The question of whether Delariva should be found to be eligible for youthful offender treatment and thus eligible for a *Franklin* hearing will have to wait for a proceeding where a record can be developed.

We recognize we have discretion to conduct an independent review of the record for error. We have made such a review, but we have not discovered anything in the record which would present an arguable issue for reversal on appeal. Competent counsel has represented Delariva in this appeal.

## DISPOSITION

The order dismissing Delariva's motion for a *Franklin* hearing is affirmed.


HUFFMAN, J.*

WE CONCUR:


MCCONNELL, P. J.


DO, J.

---

*     Retired Associate Justice of the Court of Appeal, Fourth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.